**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

KELLY SANSOM, et al.,

                Plaintiffs,

v.                                 CIVIL ACTION NO.   2:25-cv-00341

JOY GLOBAL UNDERGROUND MINING LLC, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are two motions to remand filed respectively by Plaintiffs Kelly Sansom and Amy Sansom (collectively, "Plaintiffs"), (ECF No. 8), and Defendant J.H. Fletcher & Co. ("Defendant Fletcher"), (ECF No. 10).   For the reasons discussed herein, these motions are **GRANTED**.

## I.    BACKGROUND

This matter arises out of Plaintiff Kelly Sansom's exposure to coal mine dust during his employment as a coal miner.   (*See* ECF No. 1-1 at 7, ¶ 1.)   Plaintiffs initiated suit in the Circuit Court of Boone County, West Virginia on July 25, 2024.   (*See generally id.*)   Joy Global Underground Mining LLC ("Defendant Joy"), Caterpillar Global Mining LLC ("Defendant Caterpillar"), and Defendant Fletcher were named as defendants.   (*See id.* at 7–9.)

Defendant Joy removed this case on May 23, 2025, asserting diversity jurisdiction.   (ECF No. 1; *see also* ECF No. 14 (amended notice of removal).)   Plaintiffs and Defendant Fletcher filed

1

their motions for remand on June 6, 2025.   (ECF Nos. 8, 10.)   Defendant Joy filed a consolidated

response.   (ECF No. 13.)   Plaintiffs and Defendant Fletcher filed respective replies.   (ECF Nos.

16, 17, 18.)

As such, these motions are fully briefed and ripe for adjudication.

## II.      LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial

Power shall extend . . . to Controversies . . . between Citizens of different States."   U.S. Const.,

art. III, § 2.   "The district courts shall have original jurisdiction of all civil actions where the matter

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

. . . citizens of different States."   28 U.S.C. § 1332(a)(1).[1]   The Supreme Court has long "read the

statutory formulation 'between . . . citizens of different States'" in Section 1332(a)(1) "to require

complete diversity between all plaintiffs and all defendants."   *Lincoln Prop. Co. v. Roche*, 546

U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).   "[T]he 'complete

diversity' rule clarifies that [Section 1332(a)(1)] permits jurisdiction only when no party shares

common citizenship with any party on the other side."   *Mayes v. Rapoport*, 198 F.3d 457, 461

(4th Cir. 1999) (citation omitted).   Diversity jurisdiction is determined by the face of the

complaint.   *See Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159*, 714 F.2d

342 (4th Cir. 1983).

Congress also provided a right to remove a case from state to federal court under 28 U.S.C.

§ 1441, which states, in relevant part, that "any civil action brought in a state court of which the

district courts of the United States *have original jurisdiction*, may be removed by the defendant or

---

[1] In this case, the parties do not dispute the amount in controversy requirement is met.   (*See generally* ECF Nos. 8–
10, 12–14, 17, 18.)   Indeed, the Complaint plausibly alleges damages in excess of $75,000.   (ECF No. 1-1 at 19–20.)

the defendants, to the district court of the United States" in the district in which the action is pending.  28 U.S.C. § 1441(a) (emphasis added).  Importantly, "federal jurisdiction . . . is fixed at the time the . . . notice of removal is filed."  *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat). 537, 539 (1824)).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal," *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted), and defendants have the burden to show the existence of federal jurisdiction by a preponderance of the evidence, *Johnson v. Nutrex Research, Inc.*, 429 F. Supp. 2d 723, 726 (D. Md. 2006) (citing *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004)).  Further, because removal of civil cases from state to federal court infringes state sovereignty, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the [removal] statute has defined."); *Mulcahey*, 29 F.3d at 151 ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction.") (citation omitted); *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction") (citation omitted).

### III.    DISCUSSION

At bottom, the pending motions turn on whether complete diversity existed at the time Defendant Joy filed its notice of removal.  As discussed below, remand is proper because Defendant Joy has failed to meet its burden of establishing diversity jurisdiction in multiple ways.

### A. *Insufficient Notice of Removal*

The test for determining a party's citizenship varies, depending on whether the party is an individual, partnership, or corporate entity. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187–90 (1990); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 380–81 (2016). An individual is a citizen of the state in which he or she is domiciled, which "requires physical presence, coupled with an intent to make the State a home." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n. 2 (4th Cir.2008) (explaining that, in and of itself, an allegation of residency does not establish citizenship in a state); *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (explaining that residence and domicile are distinct concepts; an individual can reside in one state but be domiciled elsewhere). By statute, "a corporation . . . [is] deemed to be a citizen of any State by which is has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 79 (2010). A limited liability company ("LLC") is a citizen of the state or states of which each of its members are citizens. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 701 (4th Cir. 2010). Thus, to determine an LLC's citizenship, Courts need two pieces information: (1) every member's identity and (2) their state citizenship. *See Exro Ltda*, 388 F.3d at 121.

Here, Defendant Joy's Notices of Removal are insufficient. The original Notice of Removal fails to identify the names of the members of Defendant Joy or Defendant Caterpillar, which are both LLCs, (ECF No. 1 at 3, ¶¶ 5–6), and further did not even attempt to identify any citizenship of Defendant Caterpillar, (*id.* ¶ 6 (stating that "[u]pon information and belief," Defendant Caterpillar's unidentified member "is not a citizen of West Virginia"); *see also* ECF

Nos. 9 at 9–11; 12 at 8 (arguing that the Court should remand the case based on these deficiencies)). Without this information, the Court cannot determine whether diversity jurisdiction exists.  *See Exro Ltda*, 388 F.3d at 121.

The Amended Notice of Removal cures these deficiencies by identifying (1) Defendant Joy's sole member as Komatsu Mining Corporation, which is a corporation organized under the laws of Delaware with its principal place of business in Wisconsin; and (2) Defendant Caterpillar's sole member as Caterpillar Acquisition Holding Corporation,[2] which is a corporation organized under the laws of Delaware with its principal place of business in Texas.   (*See* ECF No. 14 at 3–4, ¶¶ 8, 9.)   Thus, Defendant Joy is a citizen of Delaware and Wisconsin, and Defendant Caterpillar is a citizen of Delaware and Texas.  *See Exro Ltda*, 388 F.3d at 121.

Plaintiffs complain that Defendant Joy's Amended Notice of Removal is untimely.   (*See* ECF No. 18 at 15–19.)   Even if the Amended Notice of Removal was timely, though, Defendant Joy still fails to sufficiently plead diversity jurisdiction because it merely claims that Plaintiffs are residents of West Virginia, (*see* ECF No. 14 at 3, ¶ 6), without mentioning domicile, *but see Johnson*, 549 F.3d at 937 n. 2; *Holyfield*, 490 U.S. at 48.   Thus, because Defendant Joy has failed to sufficiently plead Plaintiffs' citizenship, it has not met its burden of establishing diversity jurisdiction.[3]  *Mulcahey*, 29 F.3d at 151.

---

[2] Specifically, Defendant Joy identifies Defendant Caterpillar's sole member as Caterpillar IPX LLC, whose sole member is Caterpillar Luxembourg LLC, whose sole member is Caterpillar Acquisition Holding Corporation.   (ECF No. 14 at 4, ¶ 9.)

[3] Because Defendant Joy failed to establish complete diversity on several other grounds, the Court declines to consider the parties' timeliness arguments.

### B.  *Nondiverse Parties*

Further, even assuming, *arguendo*, that Plaintiffs are domiciled in West Virginia, (*see* ECF No. 1-1 at 10, ¶¶ 13–14 (alleging that Plaintiff Kelly Sansom worked in Boone County, West Virginia and has worked as coal miner from 1992–2023)), it is uncontested that Defendant Fletcher is a corporation with its principal place of business in West Virginia, (*see* ECF Nos. 1-1 at 9, ¶ 9; 1 at 3, ¶ 7, n.1; 14 at 4, ¶ 10, n. 1).   Consequently, Defendant Fletcher—like Plaintiffs—is a citizen of West Virginia, *see* 28 U.S.C. § 1332(c)(1), and, complete diversity does not exist, *cf. Roche*, 546 U.S. at 89.   While Defendant Joy claims that Defendant Fletcher is a "'nominal party' whose citizenship no longer counts for diversity purposes under 28 U.S.C. §§ 1332(a) and 1441(b)(2)," (ECF No. 1 at 2 (citing *Lyles v. FTL Ltd., Inc.*, 2018 WL 762467, at *2 (S.D. W. Va. Feb. 7, 2018)); ECF No. 14 at 2 (same)), the Court disagrees.

One exception to the complete diversity requirement is the concept of nominal parties. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."   *Navarro Sav. Ass'n v. Lee*, 466 U.S. 458, 461 (1980).   "Nominal parties are generally those without a real interest in the litigation."   *Spencer v. Harris*, 394 F.Supp.2d 840, 843 (S.D. W. Va. 2005) (citing *Bumberger v. Ins. Co. of N.A.*, 952 F.2d 764, 767 (3rd Cir.1991)).   The United States Supreme Court has referred to nominal parties as those "having no interest" and not "concerned in the judgment."   *Title Guar. & Sur. Co. of Scranton, PA., v. Idaho*, 240 U.S. 136, 140–41 (1916).

For purposes of this exception, "the key inquiry is whether the suit can be resolved without affecting the . . . nominal defendant in any reasonably foreseeable way."   *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013).   This Court has previously

identified five examples of situations where courts found that a party was a nominal party.   *See Lyles*, 2018 WL 762467, at *3.   Of relevance, one example is when "the plaintiff sought no form of relief against the nominal party and all claims against that party were settled."   *Id.* (citing *Hartford Fire Ins. Co.*, 736 F.3d at 261 and *Allen v. Monsanto Co.*, 396 F. Supp. 2d 728, 733 (S.D. W. Va. 2005)).

Here, Defendant Joy initially claims that Defendant Fletcher is a nominal party because it was represented during a state court hearing on May 16, 2025, that Defendant Fletcher and Plaintiffs have "settled out of" the case.   (*See* ECF Nos. 1 at 2; 14 at 2; *see also* ECF No. 9 at 5.) Yet, Plaintiffs and Defendant Fletcher contend otherwise.   (*See* ECF Nos. 9 at 8; 12 at 1–2.)   In fact, a declaration by Plaintiffs' counsel and an affidavit from Defendant Fletcher's counsel aver that these parties have not settled.   (ECF Nos. 8-1, 8-2.)

Defendant Joy does not dispute this evidence.[4]   (*See generally* ECF No. 13.)   Instead, it forwards a new theory that, absent a formal settlement agreement, Plaintiffs and Defendant Fletcher have a "tacit understanding" that Defendant Fletcher will "serve as a diversity-destroying defendant with no real interest in the outcome of the litigation."[5]   (*Id.* at 7.)   Defendant Joy's conspiracy theory is strung together by several, flimsy facts: (1) Defendant Fletcher did not oppose either the consolidation of the pending lawsuit in the West Virginia Mass Litigation Panel or Plaintiffs' pending motion to remand; (2) the two pending motions to remand are very similar,

---

[4] Nevertheless, this Court will have no hesitancy to refer the matter to the West Virginia State Bar if counsels' representations turn out to be false.

[5] As Plaintiffs point out, this Court has previously rejected attempts to assert new theories of jurisdiction in a response in opposition to motion to remand.   (ECF No. 18 at 5–6 (citing *Cent. W. Va. Reg'l Airport Auth., Inc. v. Triad Eng'g, Inc.*, No. 2:15-CV-11818, 2016 WL 685086, at *8, n.1 (S.D. W. Va. Feb. 18, 2016) (Copenhaver, J.) and *W. Va. ex rel. McGraw v. Rite Aid of W. Va., Inc.*, No. CIV.A. 2:09-0956, 2010 WL 454488, at *6 (S.D. W. Va. Feb. 1, 2010) (Copenhaver, J.)).)   Regardless, this improperly asserted, new theory fails anyway.

which indicates that there "was but a single author;" and (3) Defendant Fletcher has—in Defendant Joy's opinion—taken a passive role in other cases.    (*Id.* at 7–12.)

Simply put, Defendant Joy offers nothing other than speculation that Plaintiffs and Defendant Fletcher have colluded to defeat subject matter jurisdiction.[6]   Defendant Joy may disagree with Defendant Fletcher's litigation strategies, but that does not amount to evidence of collusion.   Further, Defendant Joy offers no legal authority that such collusion would render Defendant Fletcher a nominal party, (*see generally* ECF No. 13), and this Court declines to recognize such a novel legal theory where no actual evidence of collusion or fraud has been proffered.[7]

To be sure, Defendant Fletcher has an apparent interest in the outcome of this litigation. To determine whether a party is a real party in interest or merely a nominal party, this Court has previously considered four factors: (1) "the level of control that the party retains over the litigation," which "can be evidenced by the party's appearance in the proceedings;" (2) "the weightiness of the party's interest in the litigation," which is often evidenced by a "likelihood that the party will incur financial liability as a result of later proceedings;" (3) "whether the party has retained counsel;" and (4) "whether the party has given a statement or a deposition."   *See Owens v. Overstreet*, No. CIV.A. 1:10–00784, 2010 WL 4721709, at * 3 (S.D. W. Va. Nov. 15, 2010)

---

[6] Plaintiffs and Defendant Fletcher also vehemently deny Defendant Joy's accusation.   (*See, e.g.*, ECF No. 17 ("THERE IS NO AGREEMENT OR UNDERSTANDING WITH PLAINTIFFS THAT THIS CASE HAS BEEN SETTLED OR WILL NOT BE PURSUED AGAINST FLETCHER BY THE SANSOMS."); ECF No. 18 (calling Defendant Joy's collusion theory "desperate," "ridiculous," "absurd" and the supposed evidence thereof "unavailing and meritless").)

[7] Notably, another exception to the complete diversity requirement is fraudulent joinder.   For that exception to apply, "[t]he removing party must show either 'outright fraud in the plaintiff's pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'"   *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)).   Tellingly, Defendant Joy did not assert a theory of fraudulent joinder.   (*See generally* ECF Nos. 1, 13, 14.)

(citations omitted) (Faber, J.); *see also Bowling v. Appalachian Elec. Supply, Inc.*, No. CIV.A. 3:13-27347, 2014 WL 2612049, at *5 (S.D. W. Va. June 11, 2014) (Copenhaver, J.) (quoting *Overstreet*).   Applying these factors to the present case, Defendant Fletcher has clearly retained counsel and appeared in the proceedings.   (*See, e.g.*, ECF Nos. 10, 12, 17.)   Defendant Fletcher also has a significant interest in the case, as Plaintiffs seek compensatory damages from Defendant Fletcher for past and future medical expenses, physical pain and suffering, lost wages and earning capacity, among others.   (*See* ECF No. 1-1 at 19–20, ¶ 51.)   Further, Plaintiffs claim that Defendant Fletcher has issued discovery requests.   (*See* ECF No. 9 at 3.)   Thus, the *Overstreet* factors indicate that Defendant Fletcher is a real party in interest.

Therefore, Defendant Joy has not met the burden of establishing diversity jurisdiction. *See Mulcahey*, 29 F.3d at 151.

### C.  No Jurisdictional Discovery

This Court is vested with broad discretion in deciding whether to allow jurisdictional discovery.   *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56 (4th Cir. 1993) (Courts have "broad discretion in [resolving] discovery problems" including limited jurisdictional discovery).   To that extent, where a party "simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction," the district court is well within its discretion to deny jurisdictional discovery.   *See Base Metal Trading v. Ojsc Novokuznetsky Aluminum Factory*, 283 F.3d 208, 216 n.3 (4th Cir. 2002).

In this case, Defendant Joy asserts that "[i]f the record is insufficient" for the Court to conclude that Defendant Fletcher is a nominal party, then "limited jurisdictional discovery" should be permitted.   (ECF No. 13 at 13.)   Specifically, Defendant Joy wants access to communications

between Plaintiffs' counsel and Defendant Fletcher's counsel regarding (1) "[Defendant] Fletcher's settlements in the litigation and the circumstances and expectations surrounding those settlements," and (2) "efforts to cooperate and/or collectively oppose motions and strategies of the remaining defendants."   (*Id.* at 12–14.)

This request for jurisdictional discovery easily fails.   To start, it was not made by motion in accordance with the Federal Rules of Civil Procedure.   *See* Fed. R. Civ. P. 7(b)(1).   More importantly, the record is sufficiently clear that Defendant Fletcher is *not* a nominal party, and diversity jurisdiction does not exist.[8]   The undisputed evidence specifies that there is no settlement between Plaintiffs and Defendant Fletcher in this case, (*see* ECF Nos. 9, 12, 13), and, as discussed above, there is no indication whatsoever that Defendant Fletcher is a nominal party.   As such, jurisdictional discovery is not warranted because the record "overwhelmingly shows" that complete diversity does not exist.   *See Cobb v. W. Virginia United Health Sys., Inc.*, No. 2:21-CV-00597, 2022 WL 1207818, at *4 (S.D. W. Va. Apr. 22, 2022) (Copenhaver, J.).

Obviously, Defendant Joy wants to go on a fishing expedition in hopes of finding any sort of evidence of collusion between Plaintiffs and Defendant Fletcher.   As detailed above, though, Defendant Joy's collusion theory is specious and unfounded in law.   Without more than mere speculation, the Court will not permit Defendant Joy to wade into the waters of jurisdictional discovery.

---

[8] Defendant Joy correctly asserts, (ECF No. 13 at 13), that other courts have permitted jurisdictional discovery to determine whether a party is a nominal party or has been fraudulently joined, *see, e.g.*, *C.A. v. Am. Honda Motor Co.*, No. RWT 09CV2159, 2009 WL 3398888, at *1 (D. Md. Oct. 16, 2009) (granting motion for jurisdictional discovery to investigate theories of fraudulent joinder and realignment); *Boss v. Nissan N. Am., Inc.*, Nos. 05–1414, 05–1442, 2007 WL 1482013, at *4 (4th Cir. May 22, 2007) (noting that the plaintiff could have sought further discovery to investigate his claims of fraudulent joinder).   As previously noted, though, Defendant Joy did not assert a theory of fraudulent joinder, and the Court has rejected Defendant Joy's nominal party arguments.

Thus, Defendant Joy's improper "motion" for jurisdictional discovery is **DENIED**.

### IV.    CONCLUSION

For these reasons, the motions to remand, (ECF Nos. 8, 10), are **GRANTED**.   The Court
hereby **REMANDS** this case to the Circuit Court of Boone County, West Virginia.   The Court
**DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any
unrepresented party.

ENTER:       September 16, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE